BARBARA FAYE LEIB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leib
Docket No. 11223-90
United States Tax Court
T.C. Memo 1992-354; 1992 Tax Ct. Memo LEXIS 381; 63 T.C.M. (CCH) 3166; June 23, 1992, Filed *381 An order denying petitioner's motion for summary judgment will be issued. Allen W. Howell, for petitioner. Helen C. T. Smith, for respondent. SCOTT SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before us on petitioner's motion for summary judgment filed November 13, 1990, as amended August 5, 1991. Petitioner's motion alleges that undisputed facts in this case are sufficient to sustain her position that $ 31,000 she received from her former employer, Duracell Inc., is excludable from gross income under section 104(a)(2). [1]
The uncontested facts in this case show that petitioner prior to June 1986 was personnel manager of a plant of Duracell Inc. (Duracell), located in Valdese, North Carolina. Petitioner was discharged from her position on June 9, 1986. At the time of her discharge petitioner's salary was approximately $ 36,000 a year. On July 2, 1986, petitioner filed with the Equal *382 Employment Opportunity Commission (EEOC), a written charge of discrimination by Duracell because of her sex. She alleged that her discharge was because of sex discrimination. While EEOC was in the process of investigating petitioner's charge, Duracell notified the EEOC that it wished to attempt to settle the charge made by petitioner. After negotiations, petitioner and Duracell entered into a settlement agreement dated October 23, 1986. The settlement agreement stated that it constituted settlement in full of the controversy involving petitioner's allegations of unlawful treatment in her employment and unlawful termination of her employment because of her sex, her claims for reinstatement, compensation, benefits and damages, and the Company's denial thereof. The settlement agreement further recited that Leib (petitioner): shall and does hereby RELEASE AND FOREVER DISCHARGE the Company and its subsidiary organizations, parent organizations, affiliates, agents, members, officers, directors and employees from any and all claims, demands, actions or causes of action which she has or may have on account of, arising out of, or in any way related to, (1) all matters which were or *383 might have been alleged in charge number 140861102 filed by Leib with the Equal Employment Opportunity Commission, (2) Leib's former employment with the Company, (3) the termination of such employment, and (4) any and all matters, transactions or things occurring prior to the date hereof, including, but not limited to, those arising under any federal, state or local, human, civil rights or labor laws, rules and regulations or tort laws. The consideration recited for the release was $ 31,000 to be paid by Duracell to petitioner and the agreement of Duracell to give a letter of reference to petitioner and eliminate from her employment record documents referring to the EEOC charge. The $ 31,000 was paid to petitioner in 1986 but was not reported by her as income in that year. Respondent determined a deficiency in petitioner's income tax for the year 1986 in the amount of $ 10,127 as a result of increasing her income by the $ 31,000 she received from Duracell in that year. Petitioner in support of her motion argues that since the payment of the $ 31,000 had its inception in a sex discrimination action which is in the nature of a tort action, as a matter of law, the entire amount of *384 the $ 31,000 payment is excludable from her income for the year 1986 under section 104(a)(2), citing , revg. ; , affd. without published opinion ; , affd. . Respondent takes the position that there is a question of material fact involved in this case. Respondent argues that the specific items which are covered by the $ 31,000 payment and whether the items covered are in the nature of damages for a tort or payment of compensation or similar items are fact questions which must be determined to dispose of this case. In view of the holding of this Court in , we delayed acting on petitioner's motion until decision was rendered by the Supreme Court in , reversing . *385 Summary judgment is appropriate only where there is no genuine issue of material fact. . It is incumbent on the party seeking summary judgment to show that there is no genuine issue of material fact and, in light of the admitted facts, decision may be rendered as a matter of law. . It is clear from this record that the $ 31,000 was paid to petitioner in settlement of any and all claims she had in connection with her former employment and discharge by Duracell, including any claims for reinstatement, compensation, benefits and damages. It is also clear that in return for the $ 31,000 payment petitioner released Duracell from any claims, actions, or causes of action, that she might have arising out of or in anyway related to her former employment or discharge by Duracell. When a claim is disposed of by settlement, it is necessary to determine the nature of the claim settled for which the payment was made in order to decide whether the payment is excludable from income under section 104(a)(2). See ; *386 . There is clearly a question of fact in this case as to whether all or any portion of the $ 31,000 was paid to petitioner in settlement of a claim which might result in taxable income such as backpay or additional compensation unless we conclude as a matter of law that any payment made based on a sex discrimination claim is in payment for an injury in the nature of a tort injury. The Supreme Court in , held that backpay awards in settlement of Title VII claims are not excludable from gross income under section 104(a)(2). The Court pointed out that Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin and gives as a remedy an award of backpay which the Supreme Court held to be taxable income. In light of the holding of the Supreme Court in , there is a question of material fact *387 in the instant case at least to the extent the $ 31,000 payment might be for a claim petitioner might have had to backpay under Title VII of the Civil Rights Act of 1964. If a portion of the $ 31,000 settlement was for release of such a claim that amount would be taxable under the decision of the Supreme Court in Burke. There are also other possible claims for which the $ 31,000 compensated petitioner which might result in an inclusion of some or all of the $ 31,000 in her income. We therefore conclude that petitioner's motion for summary judgment should be denied. An order denying petitioner's motion for summary judgment will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated.↩